NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 7 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARY JONES,

No.  14-56614

Plaintiff-Appellant,

D.C. No. 2:13-cv-08789-DMG-SH

v.

MEMORANDUM*

EDMUND G. BROWN, Jr.; et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted October 25, 2016**

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Mary Jones appeals pro se from the district court's judgment dismissing her

42 U.S.C. § 1983 action alleging constitutional violations arising from the denial of

her workers' compensation claim.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a dismissal for failure to state a claim under Federal Rule of

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Civil Procedure 12(b)(6), and we may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Jones' claims against defendant Caplane as barred by judicial immunity. *See* 42 U.S.C. § 1983; *see also Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) ("Absolute immunity extends to agency officials when they preside over hearings, initiate agency adjudication, or otherwise perform functions analogous to judges and prosecutors.").

The district court properly dismissed Jones' claims against defendants Brown and Schwarzenegger because Jones failed to state a plausible claim for relief. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997) ("State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983."); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are liberally construed, plaintiff must allege sufficient facts to state a plausible claim); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability); *California v. United States*, 104 F.3d 1086, 1091 (9th Cir. 1997) ("[C]laims brought under the Guarantee Clause are nonjusticiable.").

14-56614

Jones' contentions that the district court violated her due process rights by granting defendants' motions to dismiss without holding a hearing and that Caplane's motion to dismiss should have been treated as a motion for summary judgment are unpersuasive.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

14-56614